Claudia Castillo (State Bar No. 215603)
ResolvEmployment Law
1592 Union Street. Ste. 1650
San Francisco, CA 94123
Tel: (415) 346-9530
claudia@resolvemploymentlaw.com

Noah Levin (State Bar No. 263069)
Law Offices of Noah Levin
1592 Union Street. Ste. 280
San Francisco, CA 94123
Tel: (415) 547-0626
noah@lawofficesofnoahlevin.com

Attorneys for Plaintiff Soren Witt

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOREN WITT,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>GLOBAL TILING, INC., MARKUS STEINBRECHER and DOES 1-10,<br><br>　　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Soren Witt, by and through his undersigned attorneys, hereby alleges as follows:

## THE PARTIES

1. Plaintiff is a German citizen. At all times herein mentioned, he was a resident of the County of Santa Clara, State of California. Plaintiff was employed by Defendant Global Tiling, Inc., via a work visa, as a Specialized Tile Setter from approximately June 8, 2016 through February 26, 2018.

2. Defendant Global Tiling, Inc. (hereinafter "Global Tiling" or "Defendant") is, and at all times herein mentioned was, a corporation organized under the laws of the State of Georgia, with its principal place of business in Georgia. Defendant is registered to conduct business in the State of California. Defendant has obtained the benefits of the laws of the State of California and the California retail and labor markets.

3. Defendant Markus Steinbrecher (hereinafter "Streinbrecher") is the President, CEO and Corporate Secretary of Global Tiling, Inc. On information and belief, Streinbrecher is, and at all times herein mentioned was, a resident of the State of Georgia.

4. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was, at all times herein mentioned, the agent, employee, partner and/or representative of one or more of the remaining Defendants and was acting within the course and scope of such relationship. Plaintiff is further informed and believes that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to each of the remaining Defendants, and that Defendants are jointly and severally liable for Plaintiff's damages.

5. The true names and/or capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1-10 inclusive are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and/or capacities of said Defendants have been ascertained, Plaintiff will amend this complaint accordingly. Plaintiff is informed and believes and thereupon alleges that each defendant designated herein as a Doe is responsible, negligently, intentionally, contractually, or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiff as is hereinafter alleged, either through said defendants' own wrongful conduct or through the conduct of their agents,

employees, representatives, officers or attorneys, or in some other manner.

## JURISDICTION AND VENUE

1. This action arises under the FLSA, 29 U.S.C. § 201, et seq. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

2. This court also has original jurisdiction under 28 U.S.C. §1332, in that this a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

3. Venue is proper in the United States District Court, Northern District of California, pursuant to 28 U.S.C. §1391, because a substantial part of the events or omissions giving rise to the claim occurred in California and in this District.

4. This action is also being brought pursuant to the Wage and Hour Laws of California, Colorado and Washington. This Court has supplemental jurisdiction over the state law claims in this Complaint under 28 U.S.C. § 1367. Those state claims derive from the same common core of operative facts as the federal claims.

## GENERAL ALLEGATIONS

5. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 4 above, as if fully set forth herein.

6. Global Tiling employed Plaintiff as a Specialized Tile Setter from approximately June 8, 2016 through February 26, 2018. Plaintiff's job was very physically demanding and his duties included floor installation and installation in the end car dealers industry. Plaintiff also installed numerous other products including epoxy grouting, applying various types of insulation and fabrics, cleaning walls and floors, shopping for material as needed, and repairing tile and other material as needed. Plaintiff's work included extensive travel to various job sites in approximately 11 different states: Alabama, California, Colorado, Florida, Georgia, Illinois, Kansas, North Carolina, Pennsylvania, Texas, Tennessee, and Washington.

7. During his tenure with Global Tiling, Plaintiff worked 10 hours a day, six days a week. Global Tiling paid Plaintiff both an hourly rate (for repair work) and a piece-rate based on the type of

non-repair work he performed. Despite working 12 hours of overtime 6 days out of each week, Global Tiling did not pay Plaintiff the legal overtime rate for overtime work performed. Plaintiff estimates he is owed approximately $35,378.40 in overtime wages. Plaintiff, through his counsel of record, requested copies of his timesheets and work schedules from Defendant Global Tiling so that he could calculate the actual overtime amount due to him. However, Defendant Global Tiling has not produced Plaintiff's timesheets or work schedules.

8. Plaintiff performed a substantial portion of his work in the State of California.

9. As the President of Global Tiling, on information and belief, Streinbrecher had the power to hire or fire employees, supervised and controlled work schedules and conditions of Plaintiff's employment, determined the rate and method of Plaintiff's wage payment, and was responsible for maintaining Plaintiff's employment records. Streinbrecher thus has personal liability for the wages owed to Plaintiff pursuant to the FLSA.

10. Defendants knew that Plaintiff worked overtime hours without receiving proper overtime pay because Defendants required Plaintiff to record and submit records of his work hours.

11. Despite his extensive work-mandated travel, Global Tiling also failed to pay Plaintiff for any travel time. Defendant maintained records of Plaintiff's work schedule, which included the locations that Plaintiff travelled to in order to perform work.

12. When Plaintiff performed repair work, a Global Tiling foreman would also perform repair work with Plaintiff, and Global Tiling automatically deducted 10% of Plaintiff's wages and gave those wages to Global Tiling's foreman. In addition, Plaintiff performed work for Defendant for which he was never paid.

13. While employed by Global Tiling, Plaintiff was not provided with his rest breaks, or separately paid for his rest break time as required under various state laws, and as is required for piece-rate work in California.

14. Global Tiling did not provide Plaintiff with pay stubs that accurately reflected the hours Plaintiff worked, the regular rate of pay, the piece-rate pay applicable to Plaintiff, or Plaintiff's overtime rate. Plaintiff's pay stubs also failed to record the total hours of compensable rest periods, the rate of

compensation, and the gross wages paid for those periods during the pay period, as required under California Labor Code § 226(a).

15. Streinbrecher either violated, or caused to be violated, wage and hour laws because he was aware: (1) of the hours Plaintiff worked, (2) that Plaintiff performed work without being paid; (3) that Global Tiling did not provide Plaintiff with rest breaks, (4) that Plaintiff was not compensation properly for overtime or travel time, (5) that Plaintiff was not separately compensated for any rest breaks he did take, and (6) that the wage statements Global Tiling provided to Plaintiff were not compliant with California law.

16. Plaintiff, through his attorneys, requested copies of his employment records (including wage statements, personnel file, any documents signed by Plaintiff, work schedules and recorded timesheets), but Defendant Global Tiling produced only copies of Plaintiff's wage statements.

17. As a direct and proximate result of Defendants' conduct as described herein, Plaintiff has suffered loss of income and other foreseeable damages. Plaintiff's damages are not yet fully ascertained, but are in excess of the $75,000 jurisdictional minimum for diversity jurisdiction cases in this Court.

18. Defendants acted as described in this Complaint in knowing violation and/or conscious disregard of Plaintiff's rights, and/or with the intent to injure Plaintiff.

**FIRST CAUSE OF ACTION**
**(Failure To Pay Minimum Wage And Overtime Compensation -**
**Fair Labor Standards Act, 29 U.S.C. § 216(b))**
**(Alleged Against All Defendants)**

19. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 18 above, as if fully set forth herein.

20. All of Plaintiff's work activities for Defendants were non-exempt work under the FLSA; and for any and all time worked by Plaintiff, or to be credited to Plaintiff, during a work week, Plaintiff was entitled to pay at his straight time rate for work under and up to 40 hours of work per work week.

21. Defendants have not paid Plaintiff for all of his time worked under the FLSA because they have not paid Plaintiff for some of the work he performed as described above.

22. Defendants have not properly paid Plaintiff for all of his time worked under the FLSA because they did not pay Plaintiff for work over 40 hours a week at Plaintiff's time-and-one-half rate.

23. As part of his work duties, Defendants required Plaintiff to engage in interstate travel during work hours. However, Defendants did not pay Plaintiff for travel time, as required under the FLSA and under California law.

24. To the extent Defendants have paid Plaintiff for work performed, they have paid Plaintiff at straight time rates, or at piece-rate, for any and all work time that it credits to Plaintiff, and not at the properly calculated straight time and overtime rates.

25. Defendants willfully violated their legal obligations to pay for all straight and overtime hours worked by Plaintiff because Defendants knew and/or recklessly disregarded that Plaintiff was not paid at the overtime rate for work performed over 40 hours a week; that Plaintiff performed work for which he was not paid; and that they did not pay for Plaintiff's travel time during working hours.

26. Defendants' policies of wrongfully paying only straight time wages for work performed over 40 hours in a week, and of requiring Plaintiff to perform unpaid work (including travel time during work hours), were willful violations of §§ 206 and 207 of the FLSA.

27. Because Defendants' actions were willful, Plaintiffs' claims for relief are subject to a three-year statute of limitations, pursuant to § 255 of the FLSA.

28. As a result of Defendants' violation of the FLSA, Plaintiff has suffered damages by failing to receive appropriate wages for all hours worked, including overtime and straight time as well as travel time, in an amount to be determined at trial, and is entitled to the recovery of such amounts, liquidated damages, pre- and post-judgment interest, his reasonable attorneys' fees, costs, and such other compensation and legal remedies; and additionally, such declaratory and injunctive or other equitable relief, as the law allows.

## SECOND CAUSE OF ACTION
**(Failure to Pay Overtime and Minimum Wage –
Cal. Lab. Code §§ 510, 1194, 1194.2 and 1198 and IWC Wage Order 16,)
(Alleged Against Defendant Global Tiling, Inc.)**

29. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 28 above, as if fully set forth herein.

30. All of Plaintiff's work activities performed in California for Defendants were non-exempt

work under California law; and for any and all time worked by Plaintiff, or to be credited to Plaintiff, during a work week, Plaintiff was entitled to pay at his piece-rate pay, his straight time rate for repair work under and up to 40 hours or work per work week (including for work-related travel time), and at time-and-a-half his straight time wages for all work performed over 40 hours per work week.

31. Defendants failed to pay Plaintiff for all work performed, for work-mandated travel time, and at the correct rate for all the overtime Plaintiff worked.

32. California Labor Code § 510 and the applicable Wage Order require that an employer compensate all work performed by an employee in excess of eight (8) hours per workday and forty (40) hours per workweek, at one and one-half times the employee's regular rate of pay.

33. Plaintiff is, accordingly, entitled to recovery of the unpaid balance of the full amount of his unpaid overtime and minimum wages, including interest thereon, reasonable attorneys' fees and costs of suit, in accordance with section 1194(a) of the California Labor Code.

34. Plaintiff is also entitled to liquidated damages in accordance with section 1194.2 of the California Labor Code.

**THIRD CAUSE OF ACTION**
**(Failure to Provide Compensation for Rest Breaks When Plaintiff Performed Piece-Rate Work - Cal. Lab. Code § 226.2)**
**(Alleged Against Defendant Global Tiling, Inc.)**

35. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 34 above, as if fully set forth herein.

36. At all times herein relevant, section 226.2 of the California Labor Code provided that "[e]mployees must be compensated for rest and recovery periods separate from any piece-rate compensation." Defendants did not compensate Plaintiff separately for rest periods when Plaintiff performed piece-rate work in California.

37. Because Defendants failed to separately compensate Plaintiff for rest periods when Plaintiff performed piece-rate work in California, Global Tiling owes Plaintiff rest period wages in an amount determined at trial. Plaintiffs also request relief as described below.

**FOURTH CAUSE OF ACTION**
**(Failure to Provide Proper Rest Periods - California**
**Labor Code Section 226.7 and IWC Wage Order 16)**
**(Alleged Against Defendant Global Tiling, Inc.)**

38. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 37 above, as if fully set forth herein.

39. At all times herein relevant, section 226.7 of the California Labor Code and 8 California Code of Regulations section 11160 provided that employees must receive rest periods of ten minutes for each four hours of work. 8 Cal. Code Regs. 11160(11)(A). The number and timing of breaks generally depends on the number of hours worked.

40. Because Defendants failed to properly provide the required rest breaks, it is liable to Plaintiff for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code section 226.7 and California Code of Regulations section 11160, for the period of time from the three years prior to the filing of the Complaint to date. Plaintiffs also request relief as described below.

**FIFTH CAUSE OF ACTION**
**(Failure to Provide Accurate Information on Wage Statements –**
**Cal. Lab. Code § 226)**
**(Alleged Against Defendant Global Tiling, Inc.)**

41. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 40 above, as if fully set forth herein.

42. Defendants employed Plaintiff but failed to provide him with all the data required by section 226(a) of the California Labor Code. For example, Defendants failed to provide (1) the total hours worked, (2) the number of piece-rate units earned and any applicable piece rate, and (3) the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period. See Cal. Lab. Code §§ 226(a)(2)-(3); 226.2(a)(2).

43. Defendants' actions were intentional and caused injury to Plaintiff insofar as Plaintiff was deprived of data to which he was legally entitled, and, in addition, under the statutory scheme, Plaintiff is deemed to have suffered injury in the circumstances of this case.

44. Accordingly, Plaintiff is entitled to damages, costs and attorney's fees, demand for

which is hereby made in accord with the provisions of California Labor Code section 226(e).

## SIXTH CAUSE OF ACTION
### (Waiting Time Penalties - Cal. Lab. Code § 203)
### (Alleged Against Defendant Global Tiling, Inc.)

45. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 44 above, as if fully set forth herein.

46. Plaintiff resigned from his employment with Defendants on or about February 26, 2018 due to extreme physical and emotional exhaustion from working 10-hour days/six days a week. Global Tiling has not provided all of the wages due within the time required by section 201 of the Labor Code, despite Global Tiling's knowledge of the obligation to do so. Defendant's conduct was, and is, willful within the meaning of section 203 of the California Labor Code.

47. Plaintiff is therefore entitled to thirty days of continuing wages pursuant to California Labor Code section 203.

## SEVENTH CAUSE OF ACTION
### (Failure to Provide Employment Records Upon Request –
### Cal. Lab. Code §§ 226, 432)
### (Alleged Against Defendant Global Tiling, Inc.)

48. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 47 above, as if fully set forth herein.

49. Pursuant to Labor Code section 226(b), an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

50. Plaintiff has requested that Defendants permit inspection or copying of their employment records pursuant to Labor Code section 226(b). Defendants have failed to provide Plaintiff with an opportunity to inspect or copy his employment records within 21 days of their request.

51. Pursuant to Labor Code section 226(f) and (g), Plaintiff is entitled, and hereby seek to recover from Defendants a seven-hundred-fifty dollar ($750) penalty, reasonable attorney's fees, and the cost of bringing this cause of action.

/ / /

## EIGHTH CAUSE OF ACTION
### (Failure to Provide Personnel Records Upon Request - Cal. Lab. Code § 1198.5)
### (Alleged Against Defendant Global Tiling, Inc.)

52. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 51 above, as if fully set forth herein.

53. Pursuant to California Labor Code section 1198.5, an employee has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee. Cal. Lab. Code section1198.5.

54. Plaintiff has requested that Defendants permit inspection or copying of his employment records pursuant to Labor Code section 1198.5. Defendants have failed to provide Plaintiffs with an opportunity to inspect or copy his employment records within 30 days of his requests.

55. Pursuant to Labor Code section 1198.5(k) Plaintiff is entitled, and hereby seeks to recover from Defendants, a seven-hundred-fifty dollar ($750) penalty, reasonable attorney's fees, and the cost of bringing this cause of action.

## NINNTH CAUSE OF ACTION
### (Failure to Comply with Colorado Minimum Wage Order 34)
### (Alleged Against Defendant Global Tiling, Inc.)

56. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 55 above, as if fully set forth herein.

57. All of Plaintiff's work activities performed in Colorado for Defendant Global Tiling were non-exempt work under Colorado law.

58. Colorado Minimum Wage Order 34 requires that "employees shall be paid time and one-half of the regular rate of pay for any work in excess of: (1) forty (40) hours per workweek.

59. Pursuant to Colorado Minimum Wage Order 34 "all travel time spent at the control or direction of an employer, excluding normal home to work travel, shall be considered as time worked."

60. Pursuant to Colorado Minimum Wage Order 34, employers must allow employees to take a paid ten-minute rest break for every four hours (or major fraction) worked.

61. Plaintiff is therefore entitled to recover in this civil action the unpaid balance of the full amount of minimum overtime wages he is owed, all wages he is owed for work-

mandate travel time, and all wages owed for rest breaks not taken, together with attorney's fees and court costs.

## TENTH CAUSE OF ACTION
### (Failure to Provide Proper Rest Periods – Washington Administrative Code Ch. 296-126-092)
### (Alleged Against Defendant Global Tiling, Inc.)

62. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 61 above, as if fully set forth herein.

63. All of Plaintiff's work activities performed in Washington for Defendant Global Tiling were non-exempt work under Washington law.

64. Washington Administrative Code Ch. 296-126-092 provides that "Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period."

65. Defendants failed to properly provide the required rest breaks, it is liable to Plaintiff for pay in the amount of each rest period it failed to provide to Plaintiff. Plaintiff also requests relief as described below.

## ELEVENTH CAUSE OF ACTION
### (Unpaid Wages on Termination - Revised Code of Washington 49.48.010)
### (Alleged Against Defendant Global Tiling, Inc.)

66. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 65 above, as if fully set forth herein.

67. RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

68. By the actions alleged above, Defendant violated the provisions of RCW 49.48.010.

69. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime compensation and straight time in amounts to be determined at trial, and pursuant to RCW 49.48.030 is entitled to recover of such amounts, including interest thereon, attorneys' fees and costs.

**TWELFTH CAUSE OF ACTION**

**(Payment of Wages Less Than Entitled - Revised Code of Washington 49.46.090)**
**(Alleged Against Defendant Global Tiling, Inc.)**

70. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 69 above, as if fully set forth herein.

71. Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under The Washington Minimum Wage Act. If the employer fails to do so, RCW 49.46.090 requires that the employer pay the employees the full amount of the statutory minimum wage rate less any amount actually paid to the employees.

72. By the actions alleged above, Defendant violated the provisions of RCW 49.46.090 and the WMWA by failing to pay any wage whatsoever to Plaintiff for part of time he worked, by failing to pay Plaintiff his proper overtime rate, and by deducting 10% of Plaintiff's pay when he performed repair work with another Global Tiling foreman.

73. As a result of the unlawful acts of Defendant, Plaintiff and the Class have been deprived of overtime compensation and straight time in amounts to be determined at trial, and pursuant to RCW 49.46.090 and 49.48.030 is entitled to attorneys' fees and costs.

**THIRTEENTH CAUSE OF ACTION**
**(Willful Refusal to Pay Wages - Revised Code of Washington 49.52.050)**
**(Alleged Against Defendant Global Tiling, Inc.)**

74. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 73 above, as if fully set forth herein.

75. RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute , ordinance, or contract" is guilty of a misdemeanor.

76. RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorney fees.

77. The alleged unlawful actions by Defendant against Plaintiff, as set forth above, were

committed willfully and with intent to deprive Plaintiff of part of his wages.

78. As such, based on the above allegations, Defendant violated the provisions of RCW 49.52.050.

79. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime and straight time compensation in amounts to be determined at trial, and pursuant to RCW 49.52.070 is entitled to recovery of twice such amounts, including interest thereon, attorneys' fees and costs.

### FOURTEENTH CAUSE OF ACTION
**(Minimum Wage Act: Revised Code of Washington 49.46.130)**
**(Alleged Against Defendant Global Tiling, Inc.)**

80. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 79 above, as if fully set forth herein.

81. RCW 49.46.130 provides that no employer shall employ any employee for a workweek longer than 40 hours unless the employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and half times the regular rate at which he is employed.

82. By the actions alleged above, Defendant violated the provisions of RCW 49.46.130 by not paying Plaintiff at the proper rate for overtime work, by not paying Plaintiff for time worked, and by not paying Plaintiff for travel time.

83. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46.130 is entitled to recover such amounts, including interest thereon, attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Award of unpaid wages, as well as all overtime compensation, due under the FLSA and California law to Plaintiff;

2. Award of liquidated damages to Plaintiff as a result of Defendants' willful failure to pay for all wages due as well as overtime compensation pursuant to the FLSA and California Law;

3. Award of rest period premiums to Plaintiffs for Global Tiling's failure to provide meal and rest periods pursuant to California law;

4. Award of damages under California Labor Code section 226 for Global Tiling's failure to provide accurate itemized wage statements;

5. Award of waiting time penalties under California Labor Code section 203 for Global Tiling's failure to pay former employees all wages due at the time of termination of employment;

6. Award of the statutory penalties provided by Labor Code section 1198.5(k) in the amount of $750.

7. Award of the statutory penalties provided by Labor Code section 226(b) in the amount of $750.

8. Award of pre-judgment and post-judgment interest;

9. Award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

10. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

11. Plaintiff demands a trial by jury as to all counts.

Respectfully submitted,

Dated:  November 8, 2018

ResolvEmployment Law

By: /s/ Claudia J. Castillo
Claudia J. Castillo

Attorneys for Plaintiff
Soren Witt